**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| FTX RECOVERY TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-50210 (JTD) |
| MATTHEW NASS, MATTHEW PLACE, JOSHUA LEYTON, JOHN CONBERE, and LUIS SCOTT-VARGAS, | |
| Defendants. | |

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1.    This Case Management Plan and Scheduling Order, by and among the above-captioned Plaintiff and Defendants (defined below, and with Plaintiff, collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding.

   a. The term "Complaint" as used herein shall mean the complaint filed in the above- captioned adversary proceeding on November 8, 2024.

   b. The term "Defendants" as used herein shall mean the defendants in the above-captioned adversary proceeding.

2.    The following discovery and pretrial schedule shall apply absent further written agreement of the Parties or order of the Court.

   a. **Initial Disclosures.**   Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rules"), as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure ("BR"),

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

no later than March 27, 2025.

**b.** **<u>Fact Discovery</u>.**

    i.   The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery, beginning on or after March 27, 2025.

    ii.   The Parties may serve subpoenas on non-parties pursuant to Rule 45 (BR 9016) beginning on or after March 27, 2025.

    iii.   For document requests served on or before March 31, 2025, the Parties shall begin substantial rolling productions on or before June 3, 2025. For document requests served on or before May 14, 2025, the Parties shall substantially complete their production of documents by July 16, 2025.

    iv.   The Parties shall provide logs of documents withheld or redacted on privilege grounds by September 10, 2025.

    v.   Deposition notices shall be served no less than 14 days prior to the deposition date. On or before April 24, 2026 (i.e., four weeks after the Parties' exchange of initial disclosures per paragraph 2(a) above), the Parties shall either agree on the number of depositions to be taken or bring to the Court any dispute concerning the number of depositions to be taken. Unless otherwise agreed or ordered by the Court, the noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely.

    vi.   Fact discovery, including depositions, shall be completed by October 16, 2025.

**c.** **<u>Expert Discovery</u>.**

    i.   Plaintiff's initial expert reports if any, shall be served by November 26, 2025.

    ii.   Defendants' expert reports and rebuttal reports in response to Plaintiff's initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—if any, shall be served by January 14, 2026.

    iii.   In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiff's initial expert reports, if any, Plaintiff may serve rebuttal expert reports in response thereto by March 18, 2026.

    iv.   All expert reports must satisfy the requirements of Rule 26 (BR 7026).

   v. Expert depositions shall be completed within (i) thirty days of service of rebuttal expert reports by Plaintiff, if served, or (ii) thirty days of service of expert reports and rebuttal reports by Defendants, if Plaintiff does not serve rebuttal expert reports.

  **d. <u>Dispositive Motions</u>**.

   i. Motions for summary judgment shall be due no later than thirty days after the deadline for completion of expert depositions provided for in 2(c)(v) of this Case Management Plan and Scheduling Order.

   ii. Oppositions to motions for summary judgment, if any, shall be due within 45 days of the filing of the summary judgment motion.

   iii. Replies in support of summary judgment shall be due within 30 days of the opposition to the summary judgment motion.

3. **<u>Jurisdiction</u>.** Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections.

4. **<u>Modification</u>**. The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

**Dated: March 5th, 2025**
**Wilmington, Delaware**

           **JOHN T. DORSEY**
           **UNITED STATES BANKRUPTCY JUDGE**