## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ──────────────────────── | ) | |
| | ) | |
| WEST REALM SHIRES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-50210 (KBO) |
| | ) | |
| MATTHEW NASS, MATTHEW PLACE, | ) | **Related to Docket No. 5** |
| JOSHUA LEYTON, JOHN CONBERE and | ) | |
| LUIS SCOTT-VARGAS, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────── | ) | |

**MEMORANDUM ORDER DISMISSING COUNTS FOUR AND FIVE
OF THE COMPLAINT WITHOUT PREJUDICE**

Upon consideration of the Defendants' *Motion to Dismiss Counts Four and Five of the Complaint* (the "Motion")[2] and all briefing, submissions, and arguments in support of and in opposition to the Motion, it is hereby **FOUND** and **CONCLUDED** that:[3]

1.  Prior to the above-captioned chapter 11 bankruptcy proceedings, FTX Trading Ltd. and its debtor and non-debtor affiliates (collectively known as "FTX Group") operated two centralized digital asset exchanges. These exchanges were among the world's largest digital asset exchanges, where millions of customers bought, sold, and traded certain digital assets. It is well known that Samuel Bankman-Fried ("Bankman-Fried"), co-founder and CEO of the FTX Group, and a group of insiders orchestrated an elaborate fraudulent scheme to, among other things,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://case.ra.kroll/FTX.

[2] Adv. D.I. 5.

[3] The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. § 1409(a).

1

misappropriate customer exchange deposits to purchase assets and make investments that enriched themselves and others close to them.[4] The transaction and allegations underlying this adversary proceeding are claimed to be one small part of that broader scheme.

2. Debtor West Realm Shires, Inc. ("WRS") commenced this proceeding against the Defendants, some of which are alleged childhood and close family friends of Bankman-Fried, in connection with WRS's pre-bankruptcy acquisition of Good Luck Games ("GLG"). It is alleged that GLG's only material asset at the time was *Storybook Brawl*, a video game in early beta-testing. For this, Defendants allegedly received an aggregate of $25 million in merger consideration and $2 million in post-acquisition salaries and bonuses. WRS asserts that the Defendants were unjustly enriched because Bankman-Fried purposely and recklessly overpaid them. WRS brings this proceeding to recover the purchase price, salary, and bonuses as fraudulent transfers (Counts 1-3) and to seek damages for aiding and abetting Bankman-Fried's breach of fiduciary duty (Count 4) and his corporate waste (Count 5). The Defendants move to dismiss Counts 4 and 5 of the Complaint with prejudice. Briefing is completed. The parties did not request oral argument.

3. Rule 12(b)(6) of the Federal Rules of Civil Procure (made applicable to bankruptcy proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) provides for dismissal for "failure to state a claim upon which relief can be granted."[5] When reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept[ ] all factual allegations as true and construe[ ] the complaint in the light most favorable to the plaintiff," to determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.[6]

4. The Defendants argue Count 4 should be dismissed because the Complaint fails to allege a claim for aiding and abetting breach of fiduciary duty. To properly allege this claim, WRS must establish "(1) the existence of a fiduciary relationship; (2) a breach of the fiduciary's duty, . . . (3) knowing participation in that breach by the defendants, and (4) damages proximately caused by the breach."[7] The Defendants assert the Complaint fails to show their knowing participation in Bankman-Fried's breach of fiduciary duty.[8]

---

[4] Given the narrow relief addressed in this Memorandum Order, the Court writes solely for the parties. They are familiar with the procedural and substantive background of this adversary proceeding and the debtors' complex chapter 11 proceedings.

[5] FED. R. CIV. P. 12(b)(6).

[6] *FBI Wind Down, Inc. Liquidating Tr. v. Heritage Home Grp., LLC (In re FBI Wind Down Inc.)*, 741 Fed. Appx. 104, 107 (3d Cir. 2018) (citing *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d. Cir. 2009)).

[7] *In re Mindbody, Inc., S'holder Litig.*, 332 A.3d 349, 389 (Del. 2024) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001)).

[8] The Defendants also argue Count 4 should be dismissed because the Complaint fails to allege that Bankman-Fried breached his fiduciary duties. D.I. 6 at 13 n.26. The Court need not address the merits of this argument because it was raised in a footnote. *Taransky v. Sec'y of U.S. Dept. of Heath and Hum. Servs.*, 760 F.3d 307, 320 n.12 (3d Cir. 2014). The Court therefore assumes the Complaint sufficiently alleges an underlying breach of fiduciary duty. *See Jacobs v. Meghji*, No. 2019-1022, 2020 WL 5951410, at *8 (Del. Ch. July 22, 2020) (assuming breach element of an aiding and abetting claim satisfied).

5.      To demonstrate "knowing participation," the Complaint must set forth allegations that the Defendants acted with scienter and provided substantial assistance in causing Bankman-Fried's breach.[9] To successfully plead knowledge, WRS must allege facts that the Defendants had actual or constructive knowledge that Bankman-Fried breached his fiduciary duties in entering into the challenged transactions and that "their [own] conduct was legally improper."[10] Substantial assistance requires active participation rather than mere "passive awareness."[11] Courts have found there to have been active participation when there are "attempts to create or exploit conflicts of interest . . . or an overt conspiracy or agreement between the [parties]."[12]

6.      The Complaint is lacking sufficient facts for both elements. The crux of the Complaint is that Bankman-Fried breached his fiduciary duties by carelessly and purposely overpaying for GLG and the Defendants' post-acquisition employment to benefit his friends and family. For Defendants' part in the breach, WRS alleges that (1) some of the Defendants were childhood or close friends of Bankman-Fried; (2) some of the Defendants flew via private jet to the Bahamas to negotiate the transaction; (3) the transaction was negotiated in three days with insufficient due diligence; (4) Defendants knew that WRS overpaid; (5) the Defendants gratefully received $25 million in consideration and $2 million in future salaries and bonuses; and (6) Defendants offered to purchase *Storybook Brawl* from the bankrupt estates approximately two years later for $1.4 million.

7.      From these facts, WRS asks this Court to infer that Defendants "exploited already existing conflicts of interest," "conspired with Bankman-Fried" to facilitate and induce his breach, and "extract[ed] terms which require[d] the opposing party to prefer [the counterparty's] interest at the expense of its shareholders."[13] However, there are no alleged facts explaining how *each* Defendant[14] exploited conflicts of interest, conspired with Bankman-Fried, or extracted favorable terms. The Complaint may support a claim that Bankman-Fried breached his fiduciary duties, but it does not support a conclusion that the Defendants knowingly participated and substantially assisted in Bankman-Fried's behavior. At best, it alleges a passive awareness that Bankman-Fried overpaid them and a voluntary acceptance of the money. This is insufficient to support a claim for aiding and abetting breach of fiduciary duty.[15]

---

[9] *In re Oracle Corp. Derivative Litig.*, No. 2017-0337, 2020 WL 3410745, at *11 (Del. Ch. June 22, 2020).

[10] *Mindbody*, 332 A.3d at 390–91 (collecting cases for the proposition that defendants must have "knowledge that the conduct advocated or assisted constitutes such a breach[]" and that "their [own] conduct was legally improper").

[11] *Id.* at 393.

[12] *Id.*

[13] D.I. 12 at 14-15 (internal citations omitted).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[15] *See, e.g.*, *Jacobs*, 2020 WL 5951410, at *10 ("Participating alongside a known controller in a beneficial transaction, without more, does not give rise to aiding and abetting liability."); *Southeastern Pennsylvania Transp. Auth. v. Volgenau*, No. 6354, 2013 WL 4009193, at **4, 10, 27 (Del. Ch. Aug. 5, 2013) (rejecting

8. Count 5 is WRS's claim for aiding and abetting corporate waste. Defendants argue that it should be dismissed because aiding and abetting corporate waste is not a cause of action under Delaware law. It is true that Delaware courts have not explicitly recognized a claim for aiding and abetting corporate waste. They have, however, held that corporate waste "is just another way to examine whether a fiduciary breach has been committed."[16] Because WRS has not adequately alleged a claim for aiding and abetting breach of fiduciary duty, its claim for aiding and abetting corporate waste, which relies on the same facts, must necessarily fail too.

9. Defendants request that the Court dismiss Counts 4 and 5 with prejudice. There are no facts to support that relief at this stage. WRS may move to amend its Complaint consistent with Federal Rule 15. The Court will consider any such request alongside a proposed amended complaint at the appropriate time.

10. Therefore, for the foregoing reasons, it is hereby **ORDERED** that Counts 4 and 5 are dismissed without prejudice.

Dated: July 23, 2025
Wilmington, Delaware

_____
Karen B. Owens
Chief Judge

---

aiding and abetting claim even though the defendant utilized relationships with the board in the transaction process); *Hospitalists of Delaware, LLC v. Lutz*, No. 6221, 2012 WL 3679219, at *7 (Del. Ch. Aug. 28, 2012) ("the acquirer's mere receipt of preferential terms does not demonstrate participation in the target board's breach of duty").

[16] *Bocock v. INNOVATE Corp.*, No. 21-0224, 2022 WL 15800273, at *15 n.127 (Del. Ch. Oct. 28, 2022); *Xcell Energy & Coal Co., LLC v. Energy Inv. Grp., LLC*, No. 8652, 2014 WL 2964076, at *9 (Del. Ch. June 30, 2014) ("This Court treats a claim for waste arising under Delaware law as a species of a breach of fiduciary duty claim."); *Sample v. Morgan*, 914 A.2d 647, 669–70 (Del. Ch. 2007) ("Claims of waste are sometimes misunderstood as being founded on something other than a breach of fiduciary duty.").