**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) (Bankr. D. Del.) |
| Debtors. | (Jointly Administered) |
| | Adv. Pro. No. 24-50210 (KBO) (Bankr. D. Del.) |
| FTX RECOVERY TRUST, | |
| Plaintiff, | Misc. Case No. 2:26-mc-00015-JHC |
| v. | **PLAINTIFF FTX RECOVERY TRUST'S** |
| MATTHEW NASS, MATTHEW PLACE, JOSHUA LEYTON, JOHN CONBERE, and LUIS SCOTT-VARGAS, | **MOTION TO COMPEL NON-PARTY MILLION DREAMS GAMES, INC. TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY** |
| Defendants. | NOTED FOR MOTION CALENDAR: March 20, 2026 |
| | Underlying Case: Adv. Pro. No. 24-50210 (KBO) United States Bankruptcy Court for the District of Delaware |

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Plaintiff FTX Recovery Trust respectfully moves pursuant to Federal Rule of Civil Procedure 45 for an order compelling Million Dreams Games, Inc. ("MDG"), an entity owned and controlled by Defendant Matthew Place, to produce documents and provide deposition testimony responsive to Plaintiff's subpoena (the "Subpoena").

**INTRODUCTION**

In an adversary proceeding pending in the Bankruptcy Court for the District of Delaware, Plaintiff is seeking to recover nearly $25 million in constructive fraudulent transfers to Place and four of his colleagues ("Defendants") in connection with their sale of Good Luck Games LLC ("GLG") to Plaintiff's predecessor (West Realm Shires or "WRS"). *See FTX Recovery Trust v. Nass*, Adv. Pro. No. 24-50210 (KBO) (Bankr. D. Del.), D.I. 1 ("Complaint"). At the time of the transfers, GLG was developing a video game called Storybook Brawl, the value of which is at the center of the adversary proceeding. Defendants continued developing the game as WRS employees for several months, but the game was shut down in the wake of WRS's bankruptcy.

Just days after the game was shut down—and after trying and failing to buy the game back from WRS so that Defendants could continue working on it—Place founded MDG for the purpose of creating a new game in the same genre with essentially the same leadership team. The new game is called Once Upon a Galaxy. Discovery is plainly permissible and appropriate as to its actual and projected trajectory, development costs, and commercial results, among other things, as relevant to Defendants' contentions about their track record and the value of their team, as well as their contention that Storybook Brawl failed not because of their own shortcomings but rather because of mismanagement by FTX. The Subpoena seeks documents and testimony relevant to those issues. The requests, which concern a game that has been described as similar to Storybook Brawl and that is owned and run by the same team that built Storybook Brawl, are plainly appropriate. Indeed, Defendants themselves have demanded that Plaintiff produce documents concerning "similar games" to Storybook Brawl, including "competitive analyses, benchmark studies, or market positioning assessments"—requests also included in the Subpoena here.

Page 1 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

In response to the Subpoena, MDG—represented by the same lawyers who are defending Defendants in the adversary proceeding—served a set of boilerplate objections asserting that every one of the forty document requests is overbroad, unduly burdensome, and irrelevant. Neither in its objections nor in a subsequent meet and confer has MDG shown any willingness to compromise. MDG's position has thus effectively been that there is not one discoverable document at MDG. That position is meritless. Plaintiff therefore respectfully requests entry of an order compelling MDG to comply fully with the Subpoena.

**BACKGROUND**

**A.     The Underlying Action**

Defendants Matthew Place and Matthew Nass co-founded GLG in 2019 to develop a free-to-play mobile video game called Storybook Brawl. As of December 2021, the game was still in beta testing. Complaint ¶ 21.

Although Place, Nass, and the three other Defendants who joined them did not have a functioning game or a plan to make the game profitable even if it were released, what they had was a relationship with FTX's former CEO, Sam Bankman-Fried. Bankman-Fried is Nass's godbrother and has publicly stated that he has known the Defendants since middle school. Complaint ¶ 35. After conducting essentially no diligence, FTX signed a one-page term sheet in December 2021, agreeing to buy GLG from Defendants for $25 million. *Id.* ¶ 38. The transaction closed on March 1, 2022, with Defendants receiving approximately $22 million in cash, more than 413,000 shares of WRS stock, and employment offer letters guaranteeing $200,000 in annual salary each, in exchange for their sale of GLG to WRS. *Id.* ¶¶ 41–47. Over the following eight months, Defendants collected approximately $2 million in additional payments as employees. *Id.* ¶¶ 51–54.

The approximate $25 million in total consideration Defendants received bore no relationship to GLG's value. At closing, GLG held less than $16,000 in cash and roughly $277,000 in fixed assets. *Id.* ¶ 49. Its sole other asset was intellectual property in Storybook Brawl—a game

Page 2 –

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

that had generated only approximately $200,000 in licensing revenue during 2021, that never left beta testing, and that was never released. *Id.* ¶¶ 49. Market evidence confirms the same conclusion: Defendants tried and failed to find a potential purchaser for GLG in the wake of FTX's bankruptcy—perhaps unsurprising given their contemporaneous admission that the game was "still pre-launch and makes very little revenue." Complaint ¶ 57. Moreover, when no third-party buyer emerged, Defendants themselves offered to buy GLG back for just $1.4 million—a fraction of the $25 million WRS had paid just months earlier. *Id.* ¶ 57.

Based on the foregoing facts and others alleged in the Complaint, Plaintiff is asserting claims against the Defendants under Bankruptcy Code Sections 544(b) and 548(a)(1)(B) to avoid the transfers as constructively fraudulent.

### B.   MDG And Once Upon A Galaxy

On May 20, 2023, shortly after FTX had rejected Defendants' proposal to buy GLG and just nineteen days after Storybook Brawl's servers were shut down (*id.* ¶ 58), Place founded MDG and began developing a video game name called "Once Upon a Galaxy." *See* Hosen Decl. Ex. 1.[2] Like Storybook Brawl, Once Upon a Galaxy is a free-to-play autobattler game: a digital strategy game in which players assemble teams of characters that compete automatically against opposing teams, with the player's role limited to selecting and positioning units between rounds. And the core group developing Once Upon A Galaxy is the same as the one that worked on Storybook Brawl. *See* Hosen Decl. Ex. 2 (Defendant Scott-Vargas' YouTube video describing Once Upon A Galaxy as "an autobattler made by the same team that brought you Storybook Brawl (myself included)"); *id.* Ex. 3 (Scott-Vargas tweet promoting Once Upon A Galaxy as "a new autobattler from the team behind Storybook Brawl").

---

[2]  The transmittal declaration of Attorney Matthew Hosen ("Hosen Decl.") describes and attests to the authenticity of the accompanying Exhibits 1-11.

Page 3 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

User communities have noticed similarities between Once Upon A Galaxy and Storybook Brawl. One user described Once Upon a Galaxy as "***scarily familiar***," pointing out that both games share the same developer, and posting that (s)he "will not place any trust in this dev[eloper] again after ruining a ***shockingly similar game*** [*i.e.,* Storybook Brawl] in the past for quick profit." Hosen Decl. Ex. 4 (emphasis added). Other users have described Once Upon a Galaxy as a "***true spiritual successor to SBB***," stating that "***it's basically SBB*** except you have 5 character slots instead of 7, no currency … and infinite treasure slots." Hosen Decl. Ex. 5 (emphasis added). Another user explained that "[t]he same designers basically recreated the [Storybook Brawl] game with slightly different theming and a few mechanics changes." Hosen Decl. Ex. 6.

**C.    Defendants' Reliance On Their Track Records, And Their Demand For Discovery Concerning Similar Games In The Market**

Defendants have put their personal video game track records and pedigree at the center of their defense—*i.e.,* the likelihood that they, specifically, could build a successful autobattler game based on their history in the game video game industry, and their value as gaming advisors to FTX. For example, at the top of the preliminary statement in their motion to dismiss, Defendants argued that WRS had received reasonably equivalent value when it purchased GLG at least in part because "***Defendants had a remarkable track record of successes in the gaming world***." Mem. Of Law in Supp. Of Defs.' Mot. To Dismiss at 2, *Nass,* Adv. Pro. No. 24-50210, D.I. 6 (Bankr. D. Del. Jan. 8, 2025) (emphasis added). Defendants also quoted an industry publication that had stated "[w]hat got [our] attention about Storybook Brawl in the first place was its ***pedigree***." *Id.* at 6. Indeed, Defendants' brief devoted nearly half a page to a lengthy block quote from the same publication discussing each Defendant's history in the game industry. *Id.* at 6. And Defendants likewise suggested that the GLG team had "refined the [autobattler] genre." *Id.* at 5. Defendants' inflated assessment of their own self-worth has gone so far as to include the argument that GLG was worth $25 million in part due to Defendants' supposed value as generalized gaming industry experts—*i.e.,* "a pool of in-house advisors tasked with helping FTX Gaming care about the right stuff." *Id.* at 8; *see id.* (quoting another publication's assessment that GLG could have value as a

Page 4 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

"golden ticket to widespread acceptance for FTX's new gaming unit"). The foregoing assertions and arguments implicate Defendants' track records in building video games not only before they arrived at FTX but also necessarily afterward, particularly given the similarities between SBB and Once Upon A Galaxy.

Furthermore, Defendants *themselves* have served discovery that would call for the production of documents concerning MDG and Once Upon A Galaxy. Specifically, Defendants have demanded that Plaintiff produce "All Documents and Communications concerning or containing comparisons between Storybook Brawl and **other similar games in the market, including competitive analyses, benchmark studies, or market positioning assessments**." Hosen Decl. Ex. 7 (Defs.' First Set Of Requests For Prod. Of Docs., April 14, 2025, Req. 13) at 12 (emphasis added). Plaintiff has agreed to produce such documents. Hosen Decl. Ex. 8 (Pl.'s Responses & Objections To Defs,' Requests For Prod., May 14, 2025, Resp. To Req. 13) at 14. No explanation has been provided for why MDG—a company that Defendants own and run and that is indisputably building a "similar game"—should not do the same.

**D.    The Subpoena**

In light of Defendants' reliance on their own supposed track record in building valuable video games, the overlap between Defendants' teams at GLG and MDG, and the overlap in game elements as between Storybook Brawl and Once Upon A Galaxy, Plaintiff served the Subpoena on December 16, 2025. Hosen Decl. Ex. 9. The Subpoena seeks documents and deposition testimony relating to, among other things:

- The value, revenues, profits, and losses of MDG/Once Upon a Galaxy.

- MDG's expenses, including the costs associated with developing, maintaining, and marketing Once Upon A Galaxy.

- Market research and user feedback concerning Once Upon A Galaxy.

Page 5 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

- The development of Once Upon a Galaxy, including documents that served as inspiration for the game and source code.

- MDG's personnel and corporate structure.

- The relationship between GLG/Storybook Brawl and MDG/Once Upon a Galaxy.

- Communications between MDG and Defendants concerning FTX, GLG, Storybook Brawl, or Once Upon a Galaxy.

*Id.* at Schedule A-B.

In a letter dated January 7, 2026, MDG asserted a set of boilerplate objections to every request in the Subpoena. Hosen Decl. Ex. 10. Rather than offering a compromise or narrowing of the requests, the objections constituted a blanket refusal to comply with any request.

Plaintiff's counsel attempted to resolve the disagreement with MDG's counsel during a meet and confer on January 27, 2026, but MDG's counsel continued to insist that every request in the Subpoena seeks irrelevant and unduly burdensome document productions. In making those arguments, counsel was unable or unwilling to quantify or even explain the nature of the purported burden. Nor could counsel identify what repositories of potentially responsive documents might exist at MDG and the volume of materials that might need to be searched in those repositories. *See* Hosen Decl. Ex. 11. Counsel declined to identify a single request with which MDG would agree to comply, nor propose a rephrasing of any of the requests to address the purported concerns about burdensomeness and overbreadth. *Id.* Consistent with that approach, MDG has not produced a single document in response to the Subpoena.

MDG's position is particularly troubling in light of *Defendants'* failure to fulfill their own document discovery obligations. *See* Pl.'s Mot. To Compel Production Of Documents, *Nass,* Adv. Pro. No. 24-50210, D.I. 65 (Bankr. D. Del. Feb. 13, 2026). Given that MDG is represented by Defendants' counsel and owned by a Defendant, its refusal to produce documents in response to the Subpoena—documents that Defendants also have not produced—appears to be part of a coordinated effort with Defendants to obstruct discovery by withholding relevant evidence.

Page 6 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP

MOT. TO COMPEL
MISC. CASE NO.:

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## ARGUMENT

Under Federal Rule of Civil Procedure 45, a party may obtain documents from a nonparty to the same extent that it can obtain documents from a party. *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 2005 WL 8172523, at *2 (W.D. Wash. Aug. 23, 2005). A party may therefore use a subpoena to obtain discovery regarding any matter that is relevant, proportional to the needs of the case, and nonprivileged. *See* Fed. R. Civ. P. 26(b), 34(a). Those rules "should be liberally construed; the[y] … contemplate[] discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Pulphus v. Compass Health,* 2022 WL 474081, at *2 (W.D. Wash. Feb. 16, 2022). Thus, although Rule 45 requires courts to protect nonparties from undue burden, the entity resisting disclosure "bears the burden of resisting disclosure." *City of Spokane v. Monsanto Co.*, 2019 WL 3246503, at *1 (E.D. Wash. July 19, 2019) (quotation marks omitted). This Court should thus order MDG to comply with the Subpoena.

## I.    THE REQUESTED DOCUMENTS ARE RELEVANT

MDG argues that "all of the requests in the Subpoena have no relevance to the claims or defenses at issue," going so far as to describe MDG and GLG as  "unrelated" to one another. Hosen Decl. Ex. 10 at 2. The record belies this objection.

Information is relevant if there is "any possibility that [it] may be relevant to the subject matter of this action." *Floyd v. GEICO Ins. Co.*, 2018 WL 1994085, at *1 (W.D. Wash. Apr. 27, 2018) (quotation marks omitted). Plaintiff's claims require proof that WRS did not receive reasonably equivalent value in exchange for the transfers to Defendants. The value of what WRS received when it purchased GLG and Storybook Brawl is thus at issue.

As noted above (Background § C), Defendants have indicated that they intend to defend against Plaintiff's claims by pointing to Defendants' supposed track records, pedigree, qualifications, experience, and talent, as evidence that GLG was worth $25 million. Moreover, Defendants have demanded discovery concerning games "similar" to Storybook Brawl—a

Page 7 –

MOT. TO COMPEL
MISC. CASE NO.:

description that plainly applies to Once Upon A Galaxy, a game that not only has multiple reported similarities to Storybook Brawl but is also owned and being developed by the same team. Having put those matters at issue, Defendants cannot now contend through MDG (which is represented by the same counsel) that evidence bearing on those same subjects is irrelevant. For example, the performance of Once Upon A Galaxy and its public reception are directly relevant to Defendants' arguments about their track records. Likewise, MDG's development timeline—from its founding in May 2023 to Once Upon a Galaxy's release—bears on Defendants' contentions about how long Storybook Brawl would have taken to commercialize and that FTX is to blame for its failure. *Cf. id.* at 3 ("Plaintiff … drove the company into the ground rather than continue to nurture it."). As another example, the cost of developing Once Upon A Galaxy is pertinent to Defendants' contentions concerning the expenses that would have been necessary to develop Storybook Brawl, and its value net of those expenses. The requests for documents concerning the foregoing issues, and the other issues addressed by the requests in the Subpoena, are therefore relevant and should be produced.

## II.     MDG'S OTHER OBJECTIONS ARE MERITLESS

***First,*** MDG baselessly asserts that certain requests are "unduly burdensome" and "likely to yield an inordinate number of documents." Hosen Decl. Ex. 10 at 2. The party resisting disclosure must support a burdensomeness objection with evidence or information concerning the burden. *See Monsanto*, 2019 WL 3246503, at \*1. MDG has not done so. To the contrary, during the meet and confer process, it refused to estimate the volume of potentially responsive documents or quantify the anticipated costs or time associated with compliance. *See* Hosen Decl. Ex. 11. Given that MDG is a start-up company and appears to be run by a small team, the assertion of undue burden strains credulity. To the extent any individual request might be narrowed to address a legitimate concern about proportionality, Plaintiff remains willing to discuss reasonable modifications. But Plaintiff has no visibility into MDG's systems or operations and hence no understanding of what kinds of modifications might be meaningful, and MDG has shown no

Page 8 –

MOT. TO COMPEL
MISC. CASE NO.:

willingness to make the kinds of disclosures that would be necessary to facilitate an informed discussion.  Instead, MDG has just refused to produce any documents whatsoever.  That blanket refusal is inconsistent with MDG's obligations under Federal Rule of Civil Procedure 45.

**Second,** MDG contends that the Subpoena is "designed to harass MDG and to pursue a fishing expedition into potential claims that are not at issue in this adversary proceeding."  Hosen Decl. Ex. 10 at 2.  MDG's suggestion that the Subpoena is really about pursuing new claims against MDG or the Defendants is without foundation and irrelevant.  As explained above, discovery requests are relevant so long as there is "any possibility that the information sought may be relevant to the subject matter of this action." *Floyd*, 2018 WL 1994085, at *1 (internal citation omitted). The information sought in the Subpoena satisfies that requirement for the reasons set forth above.

**Third,** MDG objects that the Subpoena "contain[s] no temporal limitation, rendering it facially overbroad and disproportionate to the needs of the case."  Hosen Decl. Ex. 10 at 3.  Not so.  Because MDG was founded in mid-2023 (Hosen Decl. Ex. 1), there is no reason to believe that the  Subpoena sweeps in years of irrelevant historical documents.  To the extent MDG disagrees, it could have explained why or proposed a date limitation during the meet-and-confer process rather than refusing to produce any documents at all.

**Fourth,** MDG's contention that the Subpoena seeks documents that "can be or have been produced by the defendants in the case or otherwise are available to Plaintiff from other sources" fails. *See* Hosen Decl. Ex. 10 at 3.  If MDG is suggesting that the documents requested from MDG in the Subpoena are actually (or also) within the possession, custody, or control of Defendants, then MDG should say so and cause Defendants to produce the documents (Defendants have not done so to date, consistent with their failure to make a meaningful production in response to Plaintiff's document requests).[3]  Beyond that, MDG has not explained which "other sources" it

---

[3] To the extent the documents requested in the Subpoena are within Defendants' possession, custody, or control—a plausible possibility given that Defendants own and run MDG—Defendants should already have produced the documents to the extent responsive to Plaintiff's document requests.  Because Defendants have not done so to date, they should be required to do so in

Page 9 –

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

MOT. TO COMPEL
MISC. CASE NO.:

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

has in mind and Plaintiff is not aware of any such sources.  In any event, absent evidence to the contrary, it is reasonable to believe that MDG has possession, custody, or control of its own communications, business plans, financial records, and development files, together with the other documents requested in the Subpoena..

***Fifth,*** MDG's confidentiality objections do not justify its blanket refusal to produce.  MDG contends that the Subpoena seeks confidential or privileged information as well as MDG's own proprietary information.  Hosen Decl. Ex. 9 at 3.  If MDG possesses privileged documents, the proper procedure is to produce all non-privileged responsive documents and withhold only those for which a specific privilege claim can be articulated, accompanied by a privilege log.  *See* Fed. R. Civ. P. 45(e)(2)(A).  As for MDG's confidential information, the underlying action is governed by a Confidentiality Agreement and Stipulated Protective Order, entered by the Delaware Bankruptcy Court on May 7, 2025, a copy of which was served on MDG with the Subpoena.  *See* Hosen Decl. Ex. 8 at Schedule C.  Any confidential information can be marked "Confidential" or "Highly Confidential" under that order.  *See Stein v. I 5 Exteriors Inc.*, 2021 WL 4902518, at *4 (W.D. Wash. Sept. 15, 2021) (denying motion to quash based on confidentiality concerns because information could "easily be safeguarded by the existing Protective Order").

***Sixth,*** MDG's objection that the Subpoena fails to provide for cost reimbursement does not excuse non-compliance.  *See* Hosen Decl. Ex. 9 at 3.  Federal Rule of Civil Procedure 45(d)(2)(B)(ii) authorizes the Court to impose cost-shifting as a condition of compliance; it does not entitle a nonparty to refuse production absent advance payment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an order compelling MDG to: (1) search for and produce all documents responsive to

---

connection with Plaintiff's pending motion to compel filed against Defendants.  This motion is not intended to waive any of Plaintiff's rights as to discovery from Defendants.

Page 10 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

the Subpoena within 14 days of the Court's order; and (2) if MDG withholds documents based on privilege, produce a privilege log within 21 days of the Court's order; and (3) produce a corporate designee for deposition on the topics identified in the Subpoena.

Page 11 –

MOT. TO COMPEL
MISC. CASE NO.:

Dated:  February 25, 2026

By:    /s/ Matthew Hosen
Matthew Hosen
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Ste. 210
Seattle, WA 98101
Tel.: 206.905.7000
matthosen@quinnemanuel.com

*Counsel for Plaintiff FTX Recovery Trust*

*I certify that this memorandum contains 3,504 words, in compliance with the Local Civil Rules.*

Page 12 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on February 25, 2026, I caused a true and correct copy of the foregoing, and the attached Proposed Order, to be served on MDG's counsel by electronic mail as follows:

Jeremy Mishkin
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street
Philadelphia, PA 19103
jmishkin@mmwr.com

*/s/ Matthew Hosen*
Matthew Hosen

Page 13 –

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Mᴏᴛ. ᴛᴏ Cᴏᴍᴘᴇʟ
Mɪsᴄ. Cᴀsᴇ Nᴏ.:

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO) (Bankr. D. Del.)<br><br>(Jointly Administered)<br><br>Adv. Pro. No. 24-50210 (KBO) (Bankr. D. Del.) |
| FTX RECOVERY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW NASS, MATTHEW PLACE, JOSHUA LEYTON, JOHN CONBERE, and LUIS SCOTT-VARGAS,<br><br>Defendants. | Misc. Case No. <u>2:26-mc-00015-JHC</u><br><br>**DECLARATION OF MATTHEW HOSEN IN SUPPORT OF PLAINTIFF FTX RECOVERY TRUST'S MOTION TO COMPEL NON-PARTY MILLION DREAMS GAMES, INC. TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY**<br><br>Underlying Case:<br>Adv. Pro. No. 24-50210 (KBO)<br>United States Bankruptcy Court<br>for the District of Delaware |

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

DECLARATION OF MATTHEW HOSEN
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

I, Matthew Hosen, hereby declare:

1. I am a member in good standing of the Bar of the State of Washington and have been admitted to practice before this Court. I am of counsel at Quinn Emanuel Urquhart & Sullivan, LLP and represent Plaintiff FTX Recovery Trust in the above-captioned case. I submit this declaration in support of *Plaintiff FTX Recovery Trust's Motion to Compel Non-Party Million Dreams Games, Inc. to Produce Documents and Provide Testimony*, filed concurrently herewith.

2. Attached as **Exhibit 1** is a true and correct copy of a screenshot depicting the Washington Secretary of State's Corporations and Charities Filing System records related to Million Dreams Games, Inc. as of February 16, 2026.

3. Attached as **Exhibit 2** is a true and correct copy of a screenshot depicting a video titled "An Introduction to Once Upon a Galaxy" posted on August 3, 2024 by Luis Scott-Vargas on YouTube.com as of February 16, 2026.

4. Attached as **Exhibit 3** is a true and correct copy of a screenshot depicting a post dated as of July 25, 2024 by Luis Scott-Vargas on X.com as of February 16, 2026.

5. Attached as **Exhibit 4** is a true and correct copy of a screenshot depicting a user post on a web forum hosted on steamcommunity.com as of February 16, 2026.

6. Attached as **Exhibit 5** is a true and correct copy of a screenshot depicting a user post on reddit.com as of February 16, 2026.

7. Attached as **Exhibit 6** is a true and correct copy of a screenshot depicting a user post on a web forum hosted by quartertothree.com as of February 16, 2026.

8. Attached as **Exhibit 7** is a true and correct copy of *Defendants' First Set of Requests for Production of Documents* dated as of April 14, 2025.

9. Attached as **Exhibit 8** is a true and correct copy of *Plaintiff's Responses and Objections to Defendants' Requests for Production* dated as of May 14, 2025.

Page 1 –
DECLARATION OF MATTHEW HOSEN
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

10.     Attached as **Exhibit 9** is a true and correct copy of Plaintiff's *Notice of Intent to Serve Subpoena on Non-Party* dated as of December 16, 2025.

11.     Attached as **Exhibit 10** is a true and correct copy of a letter from counsel to Million Dreams Games, Inc. to counsel for Plaintiff FTX Recovery Trust dated as of January 7, 2026.

12.     Attached as **Exhibit 11** is a true and correct copy of an email from Marina Lev to Jeremy Mishkin dated as of January 27, 2026.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

EXECUTED this 25th day of February, 2026, at Seattle, Washington.

*/s/ Matthew Hosen*
Matthew Hosen

Page 2 –
DECLARATION OF MATTHEW HOSEN
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2026, I caused a true and correct copy of the foregoing, and the attached Proposed Order, to be served on MDG's counsel by electronic mail as follows:

Jeremy Mishkin
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street
Philadelphia, PA 19103
jmishkin@mmwr.com

/s/ Matthew Hosen
Matthew Hosen

Page 3 –
DECLARATION OF MATTHEW HOSEN
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors.<br><br>―――――――――――<br><br>FTX RECOVERY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW NASS, MATTHEW PLACE, JOSHUA LEYTON, JOHN CONBERE, and LUIS SCOTT-VARGAS,<br><br>Defendants. | Chapter 11<br><br>Case No. 22-11068 (KBO) (Bankr. D. Del.)<br><br>(Jointly Administered)<br><br>Adv. Pro. No. 24-50210 (KBO) (Bankr. D. Del.)<br><br><br>Misc. Case No. <u>2:26-mc-00015-JHC</u><br><br>**[PROPOSED] ORDER GRANTING MOTION TO COMPEL**<br><br>Underlying Case:<br>Adv. Pro. No. 24-50210 (KBO)<br>United States Bankruptcy Court<br>for the District of Delaware |

Upon consideration of Plaintiff's Motion to Compel, dated February 20, 2026 (the "Motion")[2], and the Court having considered any objections and responses to the Motion; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

2. Million Dreams Games, Inc. shall immediately search for and produce to Plaintiff all documents responsive to Plaintiff's Subpoena, with production to be completed no later than 14 days after entry of this Order. For any responsive documents withheld as privileged, Million

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Page 1 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Dreams Games, Inc. shall also produce a privilege log compliant with the Federal Rules of Civil Procedure no later than 21 days after entry of this Order.

3. Million Dreams Games, Inc. shall produce a corporate designee for deposition on the topics identified in the Subpoena.

4. Million Dreams Games, Inc. shall pay Plaintiff's reasonable fees and expenses, including attorneys' fees, incurred in filing and prosecuting the Motion.

DATED this ___ day of _____ 2026.

_____
UNITED STATES DISTRICT JUDGE

Page 2 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Presented by:

QUINN EMANUEL URQUHART &
 SULLIVAN, LLP

*/s/ Matthew Hosen*
Matthew Hosen
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000
matthosen@quinnemanuel.com

*Attorney for Plaintiff FTX Recovery Trust*

Page 3 –

MOT. TO COMPEL
MISC. CASE NO.:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

| From: | Matt Hosen |
|---|---|
| To: | WAWDdb_NewCasesSea |
| Cc: | Isaac Nesser; Marina Lev; Anthony J. Staltari; jmishkin@mmwr.com; srosca@mmwr.com; mcguire@lrclaw.com; Howard Robertson; mphillips@whitefordlaw.com |
| Subject: | New miscellaneous case (motion to compel) - In re FTX Trading Ltd |
| Date: | Wednesday, February 25, 2026 9:41:21 PM |
| Attachments: | GLG - MTC MDG PDFA.pdf |
| | FTX - GLG - Hosen Declaration PDFA.pdf |
| | GLG - MTC MDG Proposed Order PDFA.pdf |
| | GLG - MTC MDG Proposed Order(17828698_2).docx |
| | MTC Exhibits.zip |

**CAUTION - EXTERNAL:**

Good evening,

My name is Matthew Hosen and I am an attorney at Quinn Emanuel Urquhart & Sullivan LLP representing FTX Recovery Trust. I am filing a new miscellaneous case, for which, pursuant to the Court's instructions, I am submitting the attached motion to compel and accompanying proposed order, declaration, and 11 exhibits.

Once the case is docketed, I will submit the $52 filing fee. Please let me know of any questions or if you need anything else.

Best Regards,
Matt


**Matt Hosen**
*Of Counsel,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

600 University Street, 28th Floor
Seattle, WA 98101
206-905-7004 Direct
206.905.7000 Main Office Number
206.905.7100 FAX
matthosen@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.